RAY S. and INEZ D. BLESSITT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blessitt v. Commissioner
Docket No. 5139-70.
United States Tax Court
T.C. Memo 1973-103; 1973 Tax Ct. Memo LEXIS 184; 32 T.C.M. (CCH) 464; T.C.M. (RIA) 73103; April 30, 1973, Filed *184 Held, the petitioners generally have failed to show that they are entitled to deductions in excess of those allowed by the respondent. Ray S. and Inez D. Blessitt, pro se. Frank C. Hider, r., for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The respondent determined a deficiency of $359.83 in the petitioners' Federal income tax for 1968. The issues for decision are whether the 2 petitioners are entitled to deductions in excess of those allowed by the respondent for charitable contributions, gasoline taxes, or medical and dental expenses. FINDINGS OF FACT Some of the facts were stipulated, and those facts are so found. The petitioners, Ray S. and Inez D. Blessitt, husband and wife, maintained their residence in Miami, Florida, at the time their petition was filed in this case. They filed their 1968 joint Federal income tax return with the internal revenue service center, Southeast Region, Chamblee, Georgia. On their 1968 Federal income tax return, the petitioners claimed charitable contributions in the amount of $995.00 as follows: Contributions
Claimed
Variety Hospital
$ 25.00
American Red Cross
40.00
Church - Tithe
720.00
United Fund
75.00
Baptist Evangelistic Crusade
30.00
Small Charities
25.00
Cardiac Fund
25.00
Salvation Army
25.00
Other than Cash
Couch and clothes to Goodwill
30.00
$995.00
*185 3 Of the claimed contributions, the respondent allowed only $130.00 with respect to the petitioners' claim that they attended church regularly and made contributions on such occasions. Such amount was allowed without verification on the basis of $1.00 per week per adult and 25 cents per child per week. The petitioners also claimed a deduction for gasoline tax in the amount of $485.00 on their joint Federal income tax return for 1968. The drivers in the petitioners' family included the petitioners and 3 children, 2 of whom did not live at home during the entire year.In 1968, the Florida gasoline tax was 7 cents per gallon. The respondent, without verification, allowed $400.00 of the claimed deduction. The petitioners further claimed a medical and dental expense deduction in the amount of $920.40.The respondent allowed such deduction only to the extent of the $94.50 claimed as premiums for medical insurance. The petitioners did not offer any written evidence to substantiate any of their claimed deductions. They reported gross income of $13,410.84 in 1968. 4 OPINION The issues for decision concern the deductibility of certain claimed charitable contributions, *186 gasoline taxes, and medical expenses. It is fundamental that the petitioners have the burden of showing that they are entitled to a greater deduction than that allowed by the respondent. Welch v. Helvering, 290 U.S. 111 (1933); Rule 32, Tax Court Rules of Practice.In this case, the petitioners presented no written evidence. They claimed to have destroyed their records when they received a refund in 1969 because they believed that their return for 1968 had thereby been approved. However, they made no effort to secure records or copies of records to substantiate their claims, although they had ample opportunities to do so. They merely asked the Court to accept their word for the fact that they made the contributions and payments claimed by them. Yet, their oral testimony was generally vague and sometimes inconsistent. Under such circumstances, we must uphold the respodent's determination, except with respect to a $25.00 contribution to the United Fund. The petitioners have generally failed to present any evidence to substantiate the amount of charitable contributions which they claimed. They presented no evidence at 5 all concerning the contributions which *187 they claimed to have made to the Variety Hospital, the Cardiac Fund, Goodwill Industries, and "Small Charities." With respect to the $720.00 which they claimed to have given to their church, the petitioners have simply stated that they give 10 percent of their income to one of their churches and additional amounts to another church. However, 10 percent of the income which they reported in 1968 is $1,341.08, not $720.00. Furthermore, Mr. Blessitt admitted on cross-examination that the respondent requested him to obtain a statement from his minister verifying the amount of his donations. No such statement was obtained. Nor was any other written evidence introduced to substantiate the amount which the petitioners gave to their church, and whatever amount was actually contributed is left to speculation. With respect to the other $170.00 of claimed contributions, the petitioners' evidence consists almost entirely of general statements to the effect that they always give to the organization to which the contributions were allegedly made. However, Mrs. Blessitt did specifically testify that she gave $25.00 to the United Fund at her place of employment, and we accept such testimony. Having *188 been presented with no other evidence regarding the petitioners' claimed contributions, 6 we must hold that, except with respect to the United Fund donation of $25.00, the petitioners have failed to show that the respondent erred in determining that only $130.00 of the claimed charitable contribution deduction was allowabled. Similarly, the petitioners have failed to show that they are entitled to a greater gasoline tax deduction than that allowed by the respondent. Mr. Blessitt testified that he commuted a total of 40 miles a day, 5 days a week in his automobile, and that he owned 5 other cars during 1968 for use by him and his family. The evidence does not show the total number of miles which these other cars were driven during 1968. Indeed, it is unclear as to how many cars the petitioners owned. On their income tax return they referred to 4; in their petition, to 5; and in their testimony, to 6. Moreover, Mr. Blessitt admitted that his children sometimes paid for the gasoline which they used, but he did not explain the extent to which this was done. Considering all these circumstances, we find that the petitioners have not shown that during 1968 they purchased more *189 than 5,714 gallons of gasoline, the amount of gasoline on which the Florida tax would equal $400.00, the deduction allowed by the respondent. 7 The only evidence which the petitioners introduced as to their claimed medical and dental expenses was their testimony that they incurred some dental and drug expenses during 1968. They did not know how much they expended on such items during 1968, and they had no written records. Although they were advised to obtain statements from their doctors, they did not do so. Under such circumstances, we cannot ascertain whether they had an medical expenses that were not covered by their insurance; if they had any unreimbursed medical expenses, we do not know whether they exceeded the amounts which are not deductible. Accordingly, we must affirm the respondent's disallowance of the claimed medical and dental expense deduction in the amount of $825.90. Decision will be entered under Rule 50.